Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:    (212)873-0250
Facsimile:    (646)395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AMY COTTAGE STORE, CONTACT US HIGH-END TREASURES STORE, CONTACT US STORE, DONGGUAN CITY CHINER INDUSTRIAL COMPANY LIMITED, DONGGUAN GUORUI TRADING CO., LTD., DONGGUAN SMART GIFTS CO., LTD., FUZHOU OULILANG TRADING CO., LTD., FUZHOU PORPHYRIN PORPHYRIN TRADING CO., LTD., FUZHOU XIANGXING TEXTILE CO., LTD., GUANGZHOU CHENXI TRADING CO., LTD., GUANGZHOU HUASHENG XISHI TRADE LTD., | **CIVIL ACTION NO.<br>21-cv-9610 (AKH)**<br><br>[PROPOSED]<br>**FINAL DEFAULT<br>JUDGMENT AND<br>PERMANENT<br>INJUNCTION ORDER** |

GUANGZHOU LUOSI INTERNATIONAL TRADING CO., LTD., GUANGZHOU MAX SHINE ELECTRONIC TECHNOLOGY CO., LTD., GUANGZHOU YIPIN ELECTRONIC TECHNOLOGY CO., LTD., HANGZHOU LIN'AN ORIGIN TRADING CO., LTD., HAOWU ANIME STORE, HUGUAN COUNTY SUOXIN TRADING CO., LTD., IINS TRENDY STORE, JINHUA SHENGCHEN CRAFT CO., LTD., KULAK CYCLE STORE, NAN'AN XI MEI SHAI PO TRADING FIRM, NANJING DAYWIN INDUSTRY AND COMMERCIAL CO., LTD., QUANZHOU PULISI TRADING CO., LTD., QUANZHOU TAOZUI ELECTRONIC COMMERCE CO., LTD., SHANGHAI TIANJIA INDUSTRIAL CO., LTD., SHANTOU ENHONG CLOTHING CO., LTD., SHENZHEN DEKAI CRAFTS CO., LTD., SHENZHEN GIANTIDEA TECHNOLOGY CO., LTD., SHENZHEN HUANYU LANYARD CO., LTD., SHENZHEN JU SHELL HUI TECHNOLOGY CO., LTD., SHENZHEN JUSHENG ELECTRONIC COMMERCE CO., LTD., SHENZHEN POETRY E-COMMERCE CO., LTD., SHENZHEN SIRUIL TECHNOLOGY CO., LTD., SHENZHEN YIMEIJIA IMPORT AND EXPORT TRADE CO., LTD., SHENZHEN YIYIXING ZIPPER MANUFACTURE CO., LTD., SHOP3659058 STORE, YIWU CHANGYUAN TRADE CO., LTD., YIWU CORA TRADE CO., LTD., YIWU MERFONS IMPORT AND EXPORT CO., LTD., YIWU SHUNHAI GARMENT CO., LTD., YIWU XIANGXING WEIYE INDUSTRY AND TRADE CO., LTD., YIWU XINXING JEWELRY CO., LTD., ZHENGZHOU BLACKWELL CLOTHING CO., LTD., and ZHONGSHAN HONGYANG TRADE CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Off-White** | Off-White LLC | N/A |
| **Defendants** | Amy Cottage Store, Contact us high-end treasures Store, Contact Us Store, Dongguan City Chiner Industrial Company Limited, Dongguan Guorui Trading Co., Ltd., Dongguan Smart Gifts Co., Ltd., Fuzhou Oulilang Trading Co., Ltd., Fuzhou Porphyrin Porphyrin Trading Co., Ltd., Fuzhou Xiangxing Textile Co., Ltd., Guangzhou Chenxi Trading Co., Ltd., Guangzhou Huasheng Xishi Trade Ltd., Guangzhou Luosi International Trading Co., Ltd., Guangzhou Max Shine Electronic Technology Co., Ltd., Guangzhou Yipin Electronic Technology Co., Ltd., Hangzhou Lin'an Origin Trading Co., Ltd., HaoWu Anime Store, Huguan County Suoxin Trading Co., Ltd., iins Trendy Store, Jinhua Shengchen Craft Co., Ltd., Kulak Cycle Store, Nan'an Xi Mei Shai Po Trading Firm, Nanjing Daywin Industry And Commercial Co., Ltd., Quanzhou Pulisi Trading Co., Ltd., Quanzhou Taozui Electronic Commerce Co., Ltd., Shanghai Tianjia Industrial Co., Ltd., Shantou Enhong Clothing Co., Ltd., Shenzhen Dekai Crafts Co., Ltd., Shenzhen Giantidea Technology Co., Ltd., Shenzhen Huanyu Lanyard Co., Ltd., Shenzhen Ju Shell Hui Technology Co., Ltd., Shenzhen Jusheng Electronic Commerce Co., Ltd., Shenzhen Poetry E-Commerce Co., Ltd., Shenzhen Siruil Technology Co., Ltd., Shenzhen Yimeijia Import And Export Trade Co., Ltd., Shenzhen Yiyixing Zipper Manufacture Co., Ltd., Shop3659058 Store, Yiwu Changyuan Trade Co., Ltd., Yiwu Cora Trade Co., Ltd., Yiwu Merfons Import And Export Co., Ltd., Yiwu Shunhai Garment Co., Ltd., Yiwu Xiangxing Weiye Industry And Trade Co., Ltd., Yiwu Xinxing Jewelry Co., Ltd., Zhengzhou Blackwell Clothing Co., Ltd., and Zhongshan Hongyang Trade Co., Ltd. | N/A |
| **Defaulting Defendants** | Amy Cottage Store, Contact us high-end treasures Store, Contact Us Store, Dongguan City Chiner Industrial Company Limited, Dongguan Guorui Trading Co., Ltd., Dongguan Smart Gifts Co., Ltd., Fuzhou Oulilang Trading Co., Ltd., Fuzhou Porphyrin Porphyrin Trading Co., Ltd., Fuzhou Xiangxing Textile Co., Ltd., Guangzhou Huasheng Xishi Trade Ltd., Guangzhou Luosi International Trading Co., Ltd., Guangzhou Max Shine Electronic Technology Co., Ltd., Guangzhou Yipin Electronic Technology Co., Ltd., Hangzhou Lin'an Origin Trading Co., Ltd., HaoWu Anime Store, Huguan County Suoxin Trading Co., Ltd., iins Trendy Store, Jinhua Shengchen Craft Co., Ltd., Kulak Cycle | N/A |

| | | |
|---|---|---|
| | Store, Nan'an Xi Mei Shai Po Trading Firm, Nanjing Daywin Industry And Commercial Co., Ltd., Quanzhou Pulisi Trading Co., Ltd., Quanzhou Taozui Electronic Commerce Co., Ltd., Shanghai Tianjia Industrial Co., Ltd., Shantou Enhong Clothing Co., Ltd., Shenzhen Dekai Crafts Co., Ltd., Shenzhen Giantidea Technology Co., Ltd., Shenzhen Huanyu Lanyard Co., Ltd., Shenzhen Ju Shell Hui Technology Co., Ltd., Shenzhen Jusheng Electronic Commerce Co., Ltd., Shenzhen Poetry E-Commerce Co., Ltd., Shenzhen Siruil Technology Co., Ltd., Shenzhen Yimeijia Import And Export Trade Co., Ltd., Shenzhen Yiyixing Zipper Manufacture Co., Ltd., Yiwu Changyuan Trade Co., Ltd., Yiwu Cora Trade Co., Ltd., Yiwu Merfons Import And Export Co., Ltd., Yiwu Shunhai Garment Co., Ltd., Yiwu Xiangxing Weiye Industry And Trade Co., Ltd., Yiwu Xinxing Jewelry Co., Ltd., Zhengzhou Blackwell Clothing Co., Ltd., and Zhongshan Hongyang Trade Co., Ltd. | |
| Alibaba | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| AliExpress | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| Sealing Order | Order to Seal File entered on February 6, 2023 | 1 |
| Complaint | Plaintiff's Complaint filed on February 8, 2023 | 6 |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| New York Address | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| Application | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 8, 2023 | 11, 12-13 |
| Abloh Dec. | Declaration of Virgil Abloh in Support of Plaintiff's Application | 12 |
| Ioannou Dec. | Declaration of Karena K. Ioannou in Support of Plaintiff's Application | 11 |

| Off-White Products | A young, successful luxury fashion label founded by the late American creative designer Virgil Abloh, specializing in men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, homeware and other ready-made goods | N/A |
|---|---|---|
| Off-White Marks | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for [diagonal stripes mark] for a variety of goods in Class 18 and 25; 5,710,288 for [diagonal stripes mark] for a variety of goods in Class 14; 5,307,806 for [diagonal stripes mark] for a variety of goods in Class 18 and 25; 6,303,583 for [diagonal stripes mark] for a variety of goods in Class 25; 5,835,552 for [arrows mark] for a variety of goods in Class 9; 5,387,983 for [arrows mark] for a variety of goods in Class 25; 5,445,222 for [arrows mark] for a variety of goods in Class 25; 5,800,414 for [OFF circle mark] for a variety of goods in Class 9 and 25; 5,681,805 for [mark] for a variety of goods in Class 9; 5,663,133 for [arrow mark] for a variety of goods in Class 25; 6,054,044 for [mark] for a variety of goods in Class 25; 6,272,565 for [up arrows mark] for a variety of goods in Class 25; | N/A |

| | | |
|---|---|---|
| | 6,290,768 for [Off White logo] for a variety of goods in Class 25; 6,114,562 for [OFF logo] for a variety of goods in Class 25; 6,131,346 for [OFF logo] for a variety of goods in Class 18; 6,035,585 for [Off hand logo] for a variety of goods in Class 25; 6,137,880 for [Off hand logo] for a variety of goods in Class 25; and 6,505,708 for [Off hand logo] for a variety of goods in Class 14 | |
| **Off-White Application** | U.S. Trademark Serial Application No. 88/041,456 for [logo], for a variety of goods in Class 18 and Class 25 | |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |

| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
|---|---|---|
| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| Third Party Service Providers | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| Plaintiff's Motion for Default Judgment | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on August 6, 2024 | TBD |
| Nastasi Aff. | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

v

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Off-White Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ~~ADJUDGED~~ AND DECREED as follows:

## I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff as to the first and second causes of action pled in the Complaint (trademark counterfeiting and trademark infringement).

## II.   Damages Awards

1) IT IS FURTHER ORDERED, ~~ADJUDGED~~ AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy-Five Thousand U.S. Dollars ($75,000.00) in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

statutory damages ("Individual Damages Award") against each of the Forty-Two (42) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's Off-White Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Off-White Marks, or any other marks that are confusingly similar to the Off-White Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

2

manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ~~ADJUDGED~~ AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Off-White Marks, or bear any marks that are confusingly similar to the Off-White Marks pursuant to 15 U.S.C. § 1118;

3

3) IT IS FURTHER ORDERED, ~~ADJUDGED~~ AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records; and

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ~~ADJUDGED~~ AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) above.

## IV. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Fifteen Thousand U.S. Dollar ($15,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 7 day of August, 2024, at 12:40 p.m.

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

5